Tito Ledesma ARANETA;
et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–70124.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2012.*

Filed May 24, 2012.

Roman P. Mosqueda, Esquire, Los Angeles, CA, for Petitioners.

Regina Byrd, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Tito Ledesma Araneta and his family, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review de novo legal determinations and for substantial evidence factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because petitioners did not establish that the three incidents of harm they experienced constituted torture, *see Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) (harassment, interrogation, threats, and two hit-and-run incidents did not amount to torture), and they did not establish that it is more likely than not they would be tortured at the instigation of or with the acquiescence of the Philippine government, *see Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008). We reject petitioners' contention that the BIA did not consider evidence of country conditions as they have not overcome the presumption that the BIA considered this evidence. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006). Accordingly, petitioners' CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.